[No. 13061–1–II. Division Two. July 15, 1991.]

*In the Matter of the Estate of*
WILFRED R. EASTMAN.

MICHAEL EASTMAN, *as Executor, Respondent,* v. EDWARD
M. EASTMAN, *Appellant.*

*Susan Ann Stauffer,* for appellant.

*Gilbert H. Kleweno* and *Boettcher, Lalonde, Kleweno, Rutledge & Jahn, P.S.,* for respondent.

ALEXANDER, J.—Edward Eastman appeals an order of the Clark County Superior Court admitting his father's will to probate as "a valid will". He contends that deletions from the will resulting in a change in the testamentary plan were ineffective because the deletions were made without the benefit of the testators' acknowledgment before witnesses. We agree and, consequently, reverse and remand with directions to the trial court to admit the will to probate as originally executed and witnessed.

Wilfred Eastman executed a will in August of 1963. In it he left everything to his wife, Colleen. The will provided that if Colleen should predecease him, then his sons, Michael and Edward, should take his entire estate "in equal shares, share and share alike." Wilfred also provided that if either or both of his sons should predecease him, then their issue should take "per stirpes".

Wilfred attempted to make changes to his will in 1973. These changes were in handwriting and they were signed by Wilfred, but they related to his wife, Colleen, and are not at issue in these proceedings. Other attempts to alter the will—the subject of this appeal—were made at another time. These changes were not signed by Wilfred. Principally, they involved the striking of the phrase "Edward M. Eastman in equal shares, share and share alike."

Wilfred died in 1988. Colleen had predeceased him. His will was admitted to probate in the Clark County Superior Court. Wilfred's son, Edward, moved to have the trial court declare the altered will invalid or, in the alternative, to "clarify" the will. The trial court, after a hearing, found that Wilfred intended to disinherit Edward, and concluded

that the "will of the testator is interpreted by deleting those portions crossed out and should be admitted to probate."

Edward appealed. A commissioner of this court, in ruling on a motion on the merits, concluded that the trial court did not err in finding as a fact that Wilfred marked out provisions of his will with intent to disinherit Edward. The commissioner concluded, however, that the issue regarding the legal effect of Wilfred's attempted partial revocation of the will should be determined by a panel of this court. Because Edward did not seek modification of the commissioner's ruling, the only issue before us concerns the legal effect of Wilfred's attempt to partially revoke his will.

RCW 11.12.040 permits the partial revocation of wills. It provides as follows:

A will, *or any part thereof,* can be revoked
(1) By a written will; or
(2) By being burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself or by another person in his presence and by his direction. If such act is done by any person other than the testator, the direction of the testator and the facts of such injury or destruction must be proved by two witnesses.

(Italics ours.)

Edward argues that the attempted partial revocation fails because if it is permitted to stand, it alters the dispositional scheme. That being the case, he suggests, the doctrine of dependent relative revocation is applicable and the will, as originally executed, remains in effect. Michael Eastman, the personal representative of Wilfred's estate, responds that the statute, RCW 11.12.040, permits this sort of partial revocation of wills. Although he concedes that the partial revocation increased his share of Wilfred's estate, it did not, he argues, amount to a new testamentary disposition because it only increased the residuary estate.

Two Washington cases have dealt with partial revocation of wills. *In re Estate of Appleton,* 163 Wash. 632, 636, 2 P.2d 71 (1931); *In re Estate of Becklund,* 7 Wn. App. 10, 497 P.2d 1327 (1972). In *Becklund,* the court held that a

partial revocation is valid only if the revocation does not alter the dispository scheme. *Becklund,* 7 Wn. App. at 15 (citing *In re Estate of Appleton, supra*). In other words, devises may be revoked but other devises may not thereby be enlarged. *Becklund,* 7 Wn. App. at 17. The court went on to say, however, that an increase in a residuary estate which does not constitute a new dispository scheme is a permissible result of a partial revocation. *Becklund,* 7 Wn. App. at 17.

In *Appleton,* a testator attempted to change her will to give all of the remainder of her estate to one person by canceling words and figures that divided the remainder among several beneficiaries. In an effort to make the disposition make sense, the testator added the word "all" in addition to crossing out the names of other beneficiaries. *Appleton,* 163 Wash. at 693. As altered, the will stated that "all" of the remainder would go to one beneficiary. The court held that the testator's attempted revocation was not effective because she intended to make an enlarged bequest without executing a new will. *Appleton,* 163 Wash. at 693.

We believe that the attempted cancellation of the bequest to Edward was equally ineffective. Clearly, the result of the alteration is to enlarge the bequest to one devisee, Michael. Wilfred's will, as originally drafted, provided that Wilfred's entire estate went to his wife but if she should predecease him, then to his two sons, "share and share alike." By revoking the bequest to Edward, he obviously intended to disinherit him and increase the bequest to Michael. Because this amounted to an enlargement of the bequest to Michael, the partial revocation is not effective.

 What is the effect of the failed partial revocation? The law is clear that when a partial revocation fails, the doctrine of dependent relative revocation applies. *In re Estate of Becklund, supra.* Under that doctrine, the will as originally executed would remain in effect.

Reversed and remanded with directions to the trial court to admit the will to probate as originally executed.

PETRICH, A.C.J., and MORGAN, J., concur.