[No. 13843-7-III.   Division Three.   October 31, 1996.]

*In the Matter of the Estate of* CLAIRE A. MALLOY.

MARY S. MALLOY, *Appellant*, v. HERBERT G. SMITH, *Respondent*.

*Rodney T. Harmon*, for appellant.

*David J. Whitmore* and *Whitmore-Phelps-Larsen Law Firm, P.S.*, for respondent.

KURTZ, J. — Former RCW 11.12.040[1] permits a testator to partially revoke her will without observing the formalities for executing a new will. The courts give effect to a testator's deletions on the face of a will if the deletions do not alter the dispositive scheme so as to constitute a new testamentary disposition. *In re Estate of Appleton*, 163 Wash. 632, 2 P.2d 71 (1931); *In re Estate of Eastman*, 61 Wn. App. 907, 812 P.2d 521 (1991); *In re Estate of Becklund*, 7 Wn. App. 10, 497 P.2d 1327 (1972). In this case, we

---

[1]The statute was amended, effective January 1, 1995, by LAWS OF 1994, ch. 221, § 12. The amendments are not pertinent or relevant to the issues presented here. The section of the statute at issue has not been materially changed.

are asked to decide the effect of deletions that substantially changed the amounts, but not the beneficiaries, of the testator's bequests. We hold the deletions are ineffective as a partial revocation and affirm the superior court. Under the doctrine of dependent relative revocation, the will as originally executed remains in effect. *Eastman*, 61 Wn. App. at 910.

Claire Malloy executed a will on April 13, 1992, and she died a little over a year later. Before the deletions, Claire Malloy's will required her personal representative to sell her residence, which, together with other liquid assets, she bequeathed in trust to several beneficiaries, including her daughter Mary. Mary was to receive 30 percent of the trust assets, distributed to her at the rate of $1,000 per month. Significantly, Mary was also the residuary beneficiary under the will.

The deletions canceled the will provisions that made a specific bequest of the residence to the trust and also canceled Mary's share of the trust. If the deletions are effective, Mary loses her specific bequest, but she takes the residence as the residuary beneficiary, which is valued at $100,000. The effect of the deletions is to double Mary's share of the estate and reduce the amount left for distribution to the other beneficiaries by one-half.

The personal representative petitioned the court to admit the will for probate and thereafter petitioned the court for declaratory judgment regarding the deletions in the will. The declaratory judgment petition presented two issues, one legal and one factual: The first issue assumed Claire Malloy made the deletions and asked whether they were effective as a partial revocation of the will under former RCW 11.12.040. The second issue concerned whether Claire Malloy or another made the deletions. The court bifurcated the hearings on the petition, considering the legal effect of the deletions first.

The court determined that the deletions, as a matter of law, failed to effect a partial revocation of Claire Malloy's

will. Specifically, the deletions "were of such a scope and to such an extent that if they were given effect, they would substantially alter the disposit[ive] scheme of the will." The trial court relied upon the fact that the deletions in the will significantly increased Mary's share of Claire's estate and decreased the remaining beneficiaries' shares. The parties agreed to an immediate appeal.

■■ Former RCW 11.12.040 permits the partial revocation of a will. The statute provides:

A will, *or any part thereof,* can be revoked

(1) By a written will; or

(2) By being burnt, torn, canceled, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator . . . or by another person in [the] presence and by [the] direction [of the testator].

(Emphasis added.) There is a conflict of authority in cases like this in which the effect of a partial revocation is to increase the size of the residuary estate. 2 WILLIAM J. BOWE & DOUGLAS H. PARKER, PAGE ON WILLS § 21.19 (1960). Here, Mary argues that the size of the revoked gift is immaterial and that her increased bequest passes under the unchanged residuary clause of the original will and not by the subsequent unattested cancellation. In response, the personal representative argues that Washington case law holds that where the effect of a partial revocation is to substantially alter the dispositive scheme, it fails due to noncompliance with the requisite formalities for execution of wills.

Washington cases generally support the position of the personal representative. In *Appleton,* the testator revoked a bequest of diamond earrings, which as a result passed under the residuary clause. The court gave effect to this revocation, noting that the value of the earrings was not apparent in the record and that the court could not conclude that the revocation "so vitally enhanced the residuary bequest" as to require observation of the statutory formalities. *Appleton,* 163 Wash. at 644.

However, *Appleton* reached the opposite conclusion with respect to the testator's cancellation of a bequest of one-half of the residuary estate to two different beneficiaries, which result she sought to accomplish by striking the names of two of the three beneficiaries and by substituting the word "all" for "one-half," with reference to the remaining beneficiary's share. Stating that this constituted an attempt to make a new will as to the remaining beneficiary, the court relied upon "well settled law" that permits the revocation of a part of a will only if the remainder of the will is unaffected and "standing alone, [is] an understandable testamentary expression of the testator." *Id.* at 637-39. *See also Becklund,* 7 Wn. App. at 17, which in dicta cites *Appleton* for the proposition that partial revocations are permitted if the result is an "increase" to the residuary estate rather than a "vital enhancement."

The latest Washington case on the subject of partial revocation is *Eastman.* There, the testator struck the name of one of his two sons from his will, which, if allowed, would have resulted in the settling of the entire estate upon one son and the disinheritance of the other. Citing *Appleton* as authority that an attempted revocation for the purpose of making an enlarged bequest without executing a new will is ineffective, the court refused to recognize the testator's partial revocation.

Interestingly, an out-of-state decision, *Patrick v. Patrick,* 102 Md. App. 438, 649 A.2d 1204 (1994), provides an instructive analysis of Washington cases in this area. In *Patrick,* the testatrix had drawn lines through a specific bequest of $5,000 to her granddaughter and a provision in the residuary clause leaving one-half of the residue to her son. The court held that the striking of the specific bequest was effective as a partial revocation, but that the striking of one-half of the residuary bequest was not. In support of this holding, *Patrick* relied upon *Appleton* and *Becklund,* stating "the approach that we observe the Washington courts have taken [is the] most appropriate." *Patrick,* 649

A.2d at 1211. *Patrick* held the striking of the $5,000 gift did not so vitally enhance the residuary bequests as to impair the bequests or any portion of the will. In contrast, the deletion of one son's name from the residuary clause constituted "a new scheme," and "a disparate testamentary disposition . . . ." *Id.*

Claire's deletions also result in a disparate testamentary disposition. By deleting the residence from the specific bequests, she so vitally enhanced Mary's gift under the residuary clause as to constitute a new scheme requiring the observation of the formalities for execution of a will. We hold the trial court properly looked at the size of the resulting bequests in determining the effect of the attempted partial revocation.

In so holding, we have considered Mary's argument. It provides no certainty in the law as precedent if we follow a rule that ties our recognition of a partial revocation to the size of the change in the bequest. Our answer is shaped by what we perceive to be the social policy at work in the Legislature's requisites for wills. We believe the obvious intent of the Legislature in requiring that wills be in writing, signed by the testator, and attested to by two witnesses, is to provide strong assurance that a will entered in probate is authentic. The Legislature's intent in permitting partial revocation appears to be an acknowledgment that giving effect to a testator's deletions or cancellations on the face of the will is desirable in certain instances, even though the testator has not observed the formalities for execution of wills. The requirement the deletions be made "with the [testator's] intent and for the purpose of revoking the same," former RCW 11.12.040(2), provides some assurance the deletions are authentic. While such evidence provides less assurance of authenticity than the requirement of signing and attestation, the danger the deletions were made by someone other than the testator presents an acceptable risk. Specifically, their effect is limited to that which does not significantly impact the original testamentary scheme.

Affirmed.

SCHULTHEIS, A.C.J., and MUNSON, J., concur.

Review granted at 131 Wn.2d 1015 (1997).